In the Matter of GEM de PUERTO
RICO, INC., Debtor.

Pedro VERGNE ROIG, as Trustee of
Debtor, Plaintiff–Appellee,

v.

CORPORACION DESARROLLO COM-
ERCIAL and Neroby Developers
Corporation, Defendants–Appellees,

Compania Petrolera Chevron, Inc.,
Pueblo International, Inc.,
Intervenors, Appellant the latter.

PUEBLO INTERNATIONAL, INC.,
Cross–Claimant–Appellant,

v.

NEROBY DEVELOPERS CORPORA-
TION, Cross–Claim
Defendant–Appellee.

Civ. No. 86–0099 (JP).

United States District Court,
D. Puerto Rico.

Sept. 8, 1987.

José R. González–Irizarry, McConnell
Valdés Kelley Sifre, Griggs & Ruiz–Suria,
Ismael H. Herrero, Jr., San Juan, P.R., for
intervenor & cross-claimant-appellant Pueb-
lo Intl, Inc.

José Raúl Cancio, Hato Rey, P.R., for
GEM.

Rafael A. Soto Silva, San Juan, P.R., for
Neroby Developers Corp.

Ramon Coto–Ojeda, McConnell, Valdés,
Kelley Sifre, San Juan, P.R., for Pueblo
Intern. Inc.

Jorge Bermúdez Torregrosa, Lespier,
Muñoz Noya & Ramírez, San Juan, P.R.,
for Intervenor Compañía Petrolera Chev-
ron, Inc.

OPINION AND ORDER

PIERAS, District Judge.

This is an appeal from an opinion and
order of the United States Bankruptcy

Court for the District of Puerto Rico, dated July 16, 1985. We have jurisdiction of this appeal under 28 U.S.C. § 158, which provides for judicial review of the decisions of the Bankruptcy Court by the District Court in whose district the bankruptcy proceedings took place.

The facts, as briefly as they can be stated, are as follows. On June 12, 1963, Compañia de Desarrollo Comercial de Puerto Rico (CDC), leased to GEM de Puerto Rico, Inc. (GEM) real property located at the Norte Shopping Center on Baldorioty de Castro Avenue. GEM constructed and operated a gasoline service station on the leased premises. GEM executed a 15–year supply contract with Compañia Petrolera de Chevron, Inc. (Chevron), on January 18, 1982, whereby Chevron supplied GEM with all of the gasoline for the service station. On the same date, GEM and Neroby Developers Corporation (Neroby) entered into a License Agreement under which Neroby would become the operator of the service station, and would retail the Chevron products. On November 30, 1983, CDC and Pueblo International, Inc. (Pueblo) entered into a lease and option to purchase the land and building formerly leased to GEM. CDC also assigned to Pueblo the lease contract.

On May 28, 1982, GEM filed a petition under Chapter 11 of the Bankruptcy Code. GEM was unable to reorganize its business, and on May 13, 1983, an order for relief under Chapter 7 was entered. Pedro Vergne Roig was appointed trustee of GEM.

On August 19, 1982, three months after GEM filed its Chapter 11 petition, CDC, Neroby and GEM entered into an agreement regarding the leased premises. GEM transferred back to CDC the leased premises, and CDC leased the station to Neroby for twenty years; GEM's contractual rent obligation would continue unaltered. This agreement was executed without consideration or court approval. The trustee filed a complaint against CDC and Neroby claiming the above agreement constituted a fraudulent transfer under § 548 of the Bankruptcy Code or an invalid post-petition transfer under § 549.

Chevron and Pueblo intervened in order to protect their interests. Pueblo filed a cross-claim against co-defendant Neroby seeking a declaration that Neroby had no valid interest in the leased property on the ground that the contract between CDC, GEM and Neroby was null and void for lack of consideration and for lack of court approval. Pueblo filed a motion for summary judgment on that claim.

Thereafter, the trustee and Neroby filed a settlement stipulation on September 14, 1984, over two years after CDC, Neroby and GEM entered into its agreement regarding the leased premises, whereby Neroby would pay the trustee $30,000.00 for a full release from all claims by the estate of GEM against Neroby and the trustee.

### I. *Disposition in the Bankruptcy Court*

The Bankruptcy Court, by opinion and order dated July 16, 1985, denied Pueblo's motion for summary judgment on its cross claim against Neroby. It held that the post-petition contract between CDC, Neroby and GEM, though originally unsupported by consideration, was later supplied the missing consideration by the stipulation between the trustee and Neroby. The Court approved the stipulation and the post-petition contract. The Court further held that only a trustee or a debtor-in-possession may seek avoidance of a fraudulent transfer under § 548, and therefore Pueblo lacked standing to avoid the post-petition contract between CDC, Neroby and GEM.

### II. *Conclusion*

■ We think the Bankruptcy Court committed fundamental legal errors in ruling as it did. First, Pueblo did not assert its cause of action under § 548 or § 549 of the Bankruptcy Code. Rather, it contended that the post-petition contract failed for lack of consideration, was null and void, and could not later be supplied with consideration nor ratified by the Bankruptcy Court. With this we agree. That contract was subject to attack by two parties: the

**144**

trustee could attack it, as it did, as either a fraudulent transfer under § 548, or a post-petition transfer under § 549. Pueblo, as an interested party, could attack the contract for failure of consideration.

▪ Pueblo's argument is that at the time of the formation of the contract between CDC, Neroby, and GEM, because it lacked consideration, it was therefore invalid or null and void as a matter of law. 31 L.P.R.A. §§ 3391, 3432. If there is no consideration at the moment of the agreement, there is no contract. Furthermore, consideration to support a contract must exist at the time of the formation of the contract, and may not be "supplied" later. There is no contract in existence at the time of its attempted formation, and neither is the contract formed at a later date, by an attempt to support the previous invalid contract with consideration. *United States v. Marin,* 651 F.2d 24 (1st Cir.1981). In sum, the Bankruptcy Court was therefore without authority to ratify and make valid the stipulation.

▪ There exists a further reason to strike the stipulation. Under § 1108 of the Bankruptcy Code, the trustee is authorized to operate the debtor's business. Similarly, a debtor in possession, GEM, generally has the rights and duties of a trustee. 11 U.S.C. § 1107. Under § 363(b), the "trustee after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Under this section, the trustee must obtain prior approval through a hearing before the Bankruptcy Court regarding a transaction involving the estate of the debtor. Here, the leased premises in question, as well as the service station, are a part of the estate of GEM. Before the trustee or GEM could alienate in any way the estate of GEM, prior Bankruptcy Court approval was necessary to the validity of the post-petition contract and the stipulation.

▪ In *In re First Intern. Services Corp.,* 25 B.R. 66 (Bkrtcy D.Conn.1982), the Bankruptcy Court invalidated a post Chapter 11 petition under § 363(b). Creditors of the estate sought to invalidate the sale of shares of stock of the debtors, which included consulting agreements between the debtors and various shareholders. The Court held the sale was unenforceable because it was executed without notice and hearing in violation of § 363(b). The Court succinctly stated this reason for the disallowance:

> When in a Chapter 11 bankruptcy context, transfer of control of a debtor corporation to a third party is accompanied by the use of the debtor's assets as consideration for the transfer, a dubious practice becomes untenable ... Under these circumstances, principles of equity dictate that the entire agreement be deemed null and void.

25 B.R. at 70. Furthermore, the Court rejected the proposition that the hearing on the action to declare the sale void be considered the hearing required by § 363(b). Rather, the hearing must be held and notice must be given prior to the transfer. *Id.* Similarly, the hearing before the Bankruptcy Court on Pueblo's objection to the stipulation, held some three years after the post-petition contract cannot be considered the hearing under § 363(b).

The approval of the post-petition contract and the stipulation would subvert the rights and interests of Pueblo in the leased premises to the rights of Neroby and CDC. Neroby would escape from this entanglement scot-free, with little or no losses, while Pueblo would bear the brunt of the pecuniary loss caused by GEM's petition in bankruptcy. Such an approval would run counter to the spirit of the Code and set precedent for a dubious bankruptcy practice.

Accordingly, we REVERSE the Opinion and Order of the Bankruptcy Court, and STRIKE the approval of the post-petition contract and the stipulation as null and void. This case is REMANDED to the Bankruptcy Court for further proceedings consistent with this Opinion

The Clerk shall act accordingly.

IT IS SO ORDERED.